UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                                                              CASE NO.: 14-22496-BKC-RAM
                                                                                         Chapter 7
**LUIS A BENAVIDES**
SSN: XXX-XX-7129
**MATILDE A GUTIERREZ**
SSN: XXX-XX-5521
_____Debtors._____/

**TRUSTEE'S MOTION TO APPROVE STIPULATION FOR
COMPROMISE AND SETTLEMENT REGARDING (A) VALUATION
AND REPURCHASE OF DEBTORS' NON-EXEMPT ASSETS AND (B) POTENTIAL
AVOIDANCE ACTIONS AGAINST THE DEBTORS' FAMILY MEMBERS AND FRIENDS**

**Any interested party who fails to file and serve a written response to this Motion within 21 days after the date of service stated in this Motion shall, pursuant to Local Rule 9013-1(D), be deemed to have consented to the entry of an order in the form attached to this Motion. Any scheduled hearing may then be canceled.**

Joel L. Tabas, as Chapter 7 Trustee of the Bankruptcy Estate of Luis A Benavides and Matilde A Gutierrez (the "Trustee"), pursuant to Federal Rule of Bankruptcy Procedure 9019 and Local Rule 9013-1(D), files this Motion to Approve Stipulation for Compromise and Settlement Regarding (A) Valuation and Repurchase of Debtors' Non-Exempt Assets and (B) Potential Avoidance Actions Against the Debtors' Family Members and Friends (the "Motion"), and in support thereof, states as follows:

### I.     Background

1.     This case commenced with the filing of a voluntary Chapter 7 Petition on May 30, 2014.  Joel L. Tabas is the duly appointed Chapter 7 Trustee.

2.     The Trustee has evaluated the Debtors' property valuations and claimed exemptions and determined that the resolution agreed upon with the Debtors is in the best interests of the Estate.  The details of the analysis and agreement are set forth in the

Stipulation for Compromise and Settlement Regarding (A) Valuation and Repurchase of Debtors' Non-Exempt Assets and (B) Potential Avoidance Actions Against the Debtors' Family Members and Friends, attached hereto as Exhibit "A."

3. The Stipulation provides for the repurchase of Debtors' non-exempt assets (the "Settlement").

4. Pursuant to the terms of the Stipulation, the Debtors have agreed to pay, and the Trustee has agreed to accept the Settlement Amount, as defined in the Stipulation, for the repurchase of the Debtors' non-exempt property and resolution of the other matters set forth in the Stipulation.

5. The Stipulation contains additional terms and conditions, including, but not limited to, default provisions.

## II.     Legal Standard for Settlement

6. Bankruptcy Rule 9019(a) provides: "On motion . . . and after a hearing on notice to creditors, the debtor . . . and to such other entities as the court may designate, the court may approve a compromise or settlement."[1]

7. As this Court has previously found, "approval of a settlement in a bankruptcy proceeding is within the sound discretion of the Court, and will not be disturbed or modified on appeal unless approval or disapproval is an abuse of discretion." *In re Arrow Air, Inc.*, 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988) (Cristol, J.) (citing *Rivercity v. Herpel (In re Jackson Brewing Co.)*, 624 F.2d 599, 602-03 (5th Cir. 1980); *Anaconda-Ericsson, Inc. v. Hessen (In re Teltronics Servs., Inc.)*, 762 F.2d 185, 189 (2d Cir. 1985); *In re Prudence Co.*, 98 F.2d 559 (2d Cir. 1938), cert. denied sub nom. *Stein v. McGrath*, 306 U.S. 636 (1939)).

---

[1] Rule 9013-1(D) of the Local Bankruptcy Rules for the Bankruptcy Court for Southern District of Florida permits, inter alia, relief without a hearing for motions to approve settlement.

TABAS, FREEDMAN & SOLOFF, P.A. · ONE FLAGLER BUILDING, 14 NORTHEAST FIRST AVENUE, PENTHOUSE, MIAMI, FLORIDA 33132 · (305) 375-8171

8.  The test is whether the proposed settlement "falls below the 'lowest point in the range of reasonableness.'" *Arrow Air*, 85 Bankr. 891 (quoting *Teltronics Servs.*, 762 F.2d 189; *Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir.), cert. denied, 464 U.S. 822 (1983)).

9.  According to the United States Eleventh Circuit Court of Appeals, when a bankruptcy court decides whether to approve or disapprove a proposed settlement, it must consider:

>   (a) the probability of success in the litigation;
>
>   (b) the difficulties, if any, to be encountered in the matter of collection;
>
>   (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and
>
>   (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II. Ltd.)*, 898 F.2d 1544 (11th Cir. 1990). *See Jackson Brewing*, 624 F.2d 602, quoted in *Arrow Air*, 85 B.R. 891.

10. The Trustee believes that the proposed settlement meets the standards set forth in *In re Justice Oaks II*, and therefore, recommends approval of the settlement because it is fair and reasonable, falls within the reasonable range of possible litigation outcomes, and is in the best interest of the Estate because full settlement precludes any risks associated with litigation and collection in this matter, increases the dividend available to creditors, and allows for a distribution of sums and proceeds within a reasonable time.

11. Pursuant to Local Rule 9013-1(D), a copy of the proposed Order is attached hereto as Exhibit "B."

**WHEREFORE**, Joel L. Tabas, as Chapter 7 Trustee of the Bankruptcy Estate of Luis A Benavides and Matilde A Gutierrez, respectfully requests this Honorable Court enter an

CASE NO.: 14-22496-BKC-RAM

Order (1) granting the instant Motion; (2) approving the Stipulation; and (3) granting such other and further relief as this Court deems just and proper.

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished on March 26, 2015, to the parties who are currently on the list to receive e-mail notice/service for this case, and via U.S. Mail to all interested parties on the attached service list.

Respectfully submitted,

/s/ Jessika A. Graham
Jessika A. Graham
Fla. Bar No. 72452
Joel L. Tabas
Florida Bar No. 516902
Tabas, Freedman & Soloff, P.A.
Attorneys for the Chapter 7 Trustee
14 Northeast First Avenue - Penthouse
Miami, Florida 33132
Telephone: (305) 375-8171
Telefax: (305) 381-7708
JTabas@tabasfreedman.com

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                           CASE NO.: 14-22496-BKC-RAM
                                                 Chapter 7
**LUIS A BENAVIDES**
SSN: XXX-XX-7129
**MATILDE A GUTIERREZ**
SSN: XXX-XX-5521
_____Debtor(s)._____/

### STIPULATION FOR COMPROMISE AND SETTLEMENT REGARDING (A) VALUATION AND REPURCHASE OF DEBTORS' NON-EXEMPT ASSETS AND (B) POTENTIAL AVOIDANCE ACTIONS AGAINST THE DEBTORS' <u>FAMILY MEMBERS AND FRIENDS</u>

Joel L. Tabas, as Chapter 7 Trustee, and the Debtors, Luis A Benavides and Matilde A Gutierrez (the "Debtors"), enter into this Stipulation for Compromise and Settlement Regarding (A) Valuation and Repurchase of Debtors' Non-Exempt Assets and (B) Potential Avoidance Actions Against Debtors' Family Members and Friends (the "Stipulation"). The Trustee and the Debtor(s) agree upon the following terms and conditions:

1.  This case commenced with the filing of a voluntary Chapter 7 Petition on May 30, 2014. Joel L. Tabas is the duly appointed Chapter 7 Trustee.

2.  The Schedules list certain property (collectively, the "Scheduled Property"). In addition, the Debtors may receive a Federal Income Tax Refund for the period through the Petition Date (the "Refund") (the Scheduled Property and the Refund shall be collectively referred to as the "Property").

3.  The Debtors has claimed a portion of the Property as exempt.

4.  Based on a review of the documents provided and other salient information, the Trustee asserts that a portion of the Property may be undervalued.



_____
Initials

5. Prior to filing bankruptcy the Debtors made over $30,000.00 in transfers to family members and friends (the "Transfers"). The Trustee asserts that the Transfers are avoidable fraudulent transfers (the "Potential Claims").

6. The Debtor disputes certain aspects of the Trustee's analysis.

## THE SETTLEMENT

7. The Trustee and the Debtor agree to compromise (a) the valuation and repurchase of the non-exempt interest in the Property and (b) the Potential Claims for $15,000.00 payable at a 5% per annum interest rate (the "Settlement Amount"). The Trustee has already received or collected $0.00 which is to be applied to the Settlement Amount.

8. The Trustee and the Debtors agree that the Settlement Amount provides for the repurchase of the Debtor's interest in the following:

| ASSET DESCRIPTION | PRORATION % | SETTLED VALUE OF ASSET |
|---|---|---|
| cash | 0.11% | $ 16.53 |
| Regions #8133 | 0.00% | $ 0.55 |
| Regions #0283 | 0.51% | $ 77.15 |
| HHG | 4.22% | $ 633.70 |
| Clothing | 0.44% | $ 66.13 |
| Jewelry | 0.29% | $ 44.08 |
| Lab Maintenance Corp. | 31.96% | $ 4,794.09 |
| 2004 Chevrolet Astro Cargo Van | 7.35% | $ 1,102.09 |
| Potential Claims | 55.10% | $ 8,265.68 |

The Trustee and the Debtors agree that the Settlement Amount shall be paid in Thirty (30) consecutive monthly installments payable as follows:

One payment of $584.15 due on or before ~~March~~ April 18, 2015 and twenty-nine (29) payments of $562.00 each month, with the first payment to be made on or before ~~April 18, 2016~~ May 18, 2015 and each subsequent payment due on the same day each month thereafter until a total amount of $16,882.15 is paid in full by ~~September~~ October 18, 2017.

LSB
MAG

LSB
MAG

Initials

2

9. Each payment shall be in the form of a money order or cashier's check, made payable to "Joel L. Tabas, Trustee, for the Estate of Luis A Benavides and Matilde A Gutierrez, Case No.: 14-22496-BKC-RAM," and shall be delivered to Joel L. Tabas, Trustee, at 14 N.E. First Avenue, Penthouse, Miami, Florida 33132.

## OTHER TERMS AND CONDITIONS

10. As security for the complete and timely payment of the Settlement Amount, Debtors hereby pledges and grants to the Trustee a security interest encumbering the Business (the "Lien"). The Debtors agrees to immediately execute and provide any and all documents that the Trustee deems reasonable, necessary, and desirable to evidence and perfect the Lien. The Debtors agrees to pay all necessary fees to perfect the Lien. The Debtors also represents and warrants that he/she has full authority to grant the Lien on the Business.

11. The Debtors agree that a UCC-1 will be effectuated on the all of the Business assets, receivables, and bank statements and the Trustee agrees to execute a UCC-3 once the Settlement Amount is paid in full.

12. With regard to the repurchase of the Debtors' non-exempt interest in the vehicle(s) included in the Property, the Debtors agrees to: (i) maintain full liability and property damage insurance on all vehicle(s) until such time as the Settlement Amount is paid in full; and (ii) name Joel L. Tabas, Trustee as loss payee and additional insured on the insurance policy for the vehicle(s) and to provide the Trustee with a Certificate of Insurance evidencing coverage, within 10 days of execution of this stipulation. The Debtors further agree that upon the lapse of said policy, the Debtors shall immediately reinstate the insurance policy or obtain a new policy, and provide the Trustee with the reinstatement notice, or a copy of the new policy.

13. The Debtors represent and warrant that: (1) all information contained in the Debtor's Bankruptcy Petition, Schedules, SOFA, and all amendments thereto (collectively, the "Pleadings"), are true and correct, (2) the Pleadings contain no material misrepresentations or

Initials _LAB_
_MAG_

3

omissions, (3) all information and documentation provided to the Trustee (collectively, the "Documents"), are true and correct and (4) the Documents contain no material misrepresentations or omissions. To the extent that the Debtors have failed to disclose any assets, this Stipulation shall not affect the Estate's right to seek turnover of such assets or to avail itself of the remedies provided under the Bankruptcy Code.

14. In the event that the Debtors fail to comply with the terms of this Stipulation, or should any of the Debtor(s)' representations and warranties contained herein be untrue, the Trustee may proceed against any and all assets of the Debtor(s) including, but not limited to, the Property the Debtors have claimed as exempt for the remainder of the amount due and owing as set forth herein. In addition, the Trustee shall be entitled to interest, which shall accrue at the statutory rate, attorneys' fees and costs. Further, the Trustee may file a Notice of Default and submit an Order to the Court revoking the Debtor(s)' discharge. Pursuant to the terms stated herein, and the provisions of 11 U.S.C. §727(a)(10), the Debtors agree to waive any procedural requirements prior to the entry of an order revoking discharge. However, the Debtors' discharge will not be revoked without a hearing.

15. This Stipulation represents the entire understanding and agreement between the parties hereto with respect to the subject matter hereof and cannot be amended, supplemented or modified except by an instrument in writing signed by the party or parties against whom enforcement of any amendment, supplement or modification is sought. A waiver by a party of any breach of any provision of this stipulation shall not be construed to be a waiver by any such party of any succeeding breach of such provision or a waiver by such party of any breach of any other provision.

16. This Stipulation may be executed in counterparts, which, when combined, shall be deemed to constitute one original and binding document. The parties further agree that facsimile signatures shall be treated in all manner and respects as original signatures.

Initials  _LAB_  _M/AG_

4

17. This Stipulation is subject to approval of the United States Bankruptcy Court, Southern District of Florida.

SIGNATURES ON FOLLOWING PAGE

*LAB*

*MAG*

Initials

CASE NO.: 14-22496-BKC-RAM

Dated this 20 day of March, 2015.

_____
Luis A Benavides
12523 SW 9TH STREET
Miami, FL 33184-2301

Dated this 25 day of March, 2015.

_____
Joel L. Tabas, Trustee
14 N.E. First Avenue, Penthouse
Miami, Florida  33132
Telephone: (305) 375-8171
Facsimile: (305) 381-7708

Dated this 20 day of March, 2015.

_____
Matilde A Gutierrez
12523 SW 9TH STREET
Miami, FL 33184-2301

Dated this 20 day of March, 2015.

_____
Robert Sanchez, Esq.
355 W 49 St
Miami, FL 33012

Initials _____

6

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:                                                                    CASE NO.: 14-22496-BKC-RAM
                                                                               Chapter 7
**LUIS A BENAVIDES**
SSN: XXX-XX-7129
**MATILDE A GUTIERREZ**
SSN: XXX-XX-5521
_____Debtors._____/

### ORDER GRANTING TRUSTEE'S MOTION TO APPROVE STIPULATION FOR COMPROMISE AND SETTLEMENT REGARDING (A) VALUATION AND REPURCHASE OF DEBTORS' NON-EXEMPT ASSETS AND (B) POTENTIAL AVOIDANCE ACTIONS AGAINST THE DEBTORS' FAMILY MEMBERS AND FRIENDS

**THIS CAUSE** having come before the Court upon Joel L. Tabas, Trustee's Motion to Approve Stipulation for Compromise and Settlement Regarding A) Valuation and Repurchase of Debtors' Non-Exempt Assets and (B) Potential Avoidance Actions Against the Debtors' Family Members and Friends (the "Motion"), and the Court, having reviewed the Motion and the Certificate of No Response, having noted that no objections were filed, finding that the settlement subject of the Motion meets the criteria set forth in *In re Justice Oaks II. Ltd.*, 898 F.2d 1544 (11th Cir. 1990) and thus, is in the best interests of this Estate, and finding that the notice of the proposed compromise and settlement is sufficient to comply with Bankruptcy Rules 9019 and 2002(a)(3), Local Rule 9013-1(D), and any other applicable notice requirement, it is



CASE NO.: 14-22496-BKC-RAM

**ORDERED** as follows:

1. The Motion is granted.

2. The compromise and settlement is approved on the terms and conditions set forth in the Motion and the Stipulation attached to the Motion, and as follows:

> The Trustee and the Debtors agree that the Settlement Amount provides for the repurchase of the Debtors' interest in the following:

| ASSET DESCRIPTION | PRORATION % | SETTLED VALUE OF ASSET |
|---|---|---|
| cash | 0.11% | $ 16.53 |
| Regions #8133 | 0.00% | $ 0.55 |
| Regions #0283 | 0.51% | $ 77.15 |
| HHG | 4.22% | $ 633.70 |
| Clothing | 0.44% | $ 66.13 |
| Jewelry | 0.29% | $ 44.08 |
| Lab Maintenance Corp. | 31.96% | $ 4,794.09 |
| 2004 Chevrolet Astro Cargo Van | 7.35% | $ 1,102.09 |
| Potential Claims | 55.10% | $ 8,265.68 |

> The Trustee and the Debtors agree that the Estate will be paid $16,882.15 with the first payment due on or before April 18, 2015, followed by twenty nine (29) consecutive monthly installments of $562.00 each month, to be made on or before May 18, 2015 and each subsequent payment due on the same day each month thereafter, for a total amount of $16,882.15 paid in full by October 18, 2017. This total includes a 5% per annum interest rate.

> As security for the complete and timely payment of the Settlement Amount, Debtors hereby pledges and grants to the Trustee a security interest encumbering the Business (the "Lien"). The Debtors agrees to immediately execute and provide any and all documents that the Trustee deems reasonable, necessary, and desirable to evidence and perfect the Lien. The Debtors agrees to pay all necessary fees to perfect the Lien. The Debtors also represents and warrants that he/she has full authority to grant the Lien on the Business.

> The Debtors agree that a UCC-1 will be effectuated on the all of the Business assets, receivables, and bank statements and the Trustee agrees to execute a UCC-3 once the Settlement Amount is paid in full.

3. The Court incorporates the terms of the Stipulation into this Order and retains jurisdiction to enforce the terms thereof.

# # #

Submitted by:
Joel L. Tabas
Tabas, Freedman & Soloff, P.A.
Attorneys for the Chapter 7 Trustee
One Flagler Building
14 N.E. First Avenue, Penthouse
Miami, Florida 33132

2

CASE NO.: 14-22496-BKC-RAM

Telephone: (305) 375-8171
Facsimile: (305) 381-7708
joel@tabasfreedman.com

Copy furnished to:
Joel L. Tabas
Joel L. Tabas, Esq. shall serve copies of this Order on all interested parties and file a certificate of service.

3

Atlas Acquisitions,LLC
294 Union St.
Hackensack, NJ 07601-4303

Baptist Health South Florida
POB 025333
Miami, FL 33102-5333

Baptist Hospital
P.O. BOX 1467
Lake Worth, FL 33460-1467

Capital One
POB 30281
Salt Lake City, UT 84130-0281

Chase
P.O. BOX 15153
Wilmington, DE 19886-5153

Comcast
P.O. BOX 530099
Atlanta, GA 30353-0099

First Federal Credit & Collections
5121 Hollywood Blvd
Hollywood, FL 33021

Kendall Medical Center
POB 740743
Cincinnati, OH 45274-0743

Kendall Regional Medical
POB 99008
Bedford, TX 76095-9108

Kendall Regional Radiology
1500 San Remo Avenue #280
Miami, FL 33146-3053

**Luis A Benavides**
**12523 SW 9th Street**
**Miami, FL 33184-2301**

Matilde A Gutierrez
12523 SW 9th Street
Miami, FL 33184-2301

Ocwen Loan Servicing LLC
PO BOX 6440
Carol Stream, IL 60197-6440

Ocwen Loan Servicing, LLC.
c/o Alice Blanco
Fifteen Piedmont Center
3575 Piedmont Rd NE #500 Atlanta, GA 30305-1623

Orange County Code Enforcement Division
2450 West 33 Street 2nd Floor
Orlando, FL 32839-8726

Palm Springs General Hospital
1475 West 49th Street
Hialeah, FL 33012-3275

Radiology Associates of South Florida
2555 Ponce De Leon Blvd 4th FL
Miami, FL 33134-6019

Robert Sanchez Esq
355 W 49 St.
Hialeah, FL 33012-3715

Sheridan Emergency Physician Services
POB 848508
Pembroke Pines, FL 33084-0508

Southchase Parcel 45 Comm. Assoc.
c/o Bradley K Alley, Esq.
1150 Louisiana Avenue
Suite 4
Winter Park, FL 32789-2354

Urgent Care Phys Of Tamiami
P.O. BOX 166247
Miami, FL 33116-6247